IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME ~~ATLANTA~~ DIVISION

Dalpha Pender,

       Plaintiff,

v.

Equifax Information Services, LLC

and Security Finance Corporation of

Spartanburg, DBA, Security Finance

       Defendants.

Case No.:  4:15-cv-88-HLM-WEJ

**COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information.

## PARTIES

2. Plaintiff, Dalpha Pender, is natural person who resides in Whitfield County, Georgia and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

3. Defendant, Security Finance Corporation of Spartanburg, d/b/a Security Finance (hereinafter "Security Finance") is a South Carolina Corporation that does business in Georgia and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

4. Defendant Equifax information Services, LLC (hereinafter Equifax) is a credit bureau doing business in Georgia and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

5. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for any state law claims arises under 28 U.S.C. § 1367.

6. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7. On June 6, 2011 the Plaintiff filed a bankruptcy petition in the Northern District of Georgia, case number 11-41919. The Plaintiff received a discharge of her debts by Order of that Court dated December 17, 2015.

8. Among the debts discharged were debts owing to Defendant Security Finance under two different accounts designated as 7584 and 7585.

9. On or about February 19, 2015 Plaintiff obtained a copy of her credit report as published by Defendant Equifax.

10. That report contained erroneous information as provided by Security Finance and published and reported by Equifax. Specifically, the Defendants reported that the two Security Financial accounts referenced above continued to have a balance due

and owing and in arrears as of the date of the credit report obtained by the Plaintiff.

11. The information described above was both false and misleading.

12. In a letter dated March 20, 2015, Plaintiff disputed the inaccurate and misleading information to both Defendants and advised both Defendants of the specific facts that rendered the reporting inaccurate and misleading.

13. Upon information and belief, Defendant Equifax communicated the Plaintiff's dispute to the furnisher, Defendant Security Financial, in accordance with the requirements of 15 U.S.C. § 1681i.

14. In a document dated April 22, 2015 Defendant Equifax advised Plaintiff that it had researched Plaintiff's dispute and that the item was being reported correctly. Defendant Equifax provided a copy of the tradeline as reported that reproduced the errors identified by the Plaintiff originally. A copy of these documents are attached as Exhibit A.

15. Defendant Security Finance had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the tradeline information to Defendant Equifax.

16. Likewise, Equifax had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the tradeline information notwithstanding the information it received from Defendant Security Financial.

17. There is no indication that defendant Security Finance reported the dispute lodged by the Plaintiff on March 20th as required by 15 U.S.C § 1681s-2(a)(3).

18. The Defendants are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared database.

19. Each and both of the Defendants, independently and jointly, breached their duties as described above.

20. Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the indication on Plaintiff's credit reports that the plaintiff had moneys that were due and owing, in arrears and in collection was not appropriately deleted or modified.

21. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i

22. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

23. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

24. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

25. As a result of Defendant Equifax's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

26. Defendant Equifax actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

27. Plaintiff is entitled to recover costs and attorney's fees from Defendant Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b) (SECURITY FINANCIAL CORPORATION OF SPARTANBURG)

28. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

5

29. Defendant Security Financial willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

30. As a result of Security Financial's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

31. Security Financial's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

32. Plaintiff is entitled to recover costs and attorney's fees from Defendant Security Financial pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

    a.) Plaintiff's actual damages;

    b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

    c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o; and

    d.) Such other and further relief as may be just and proper.

Respectfully submitted this 8 day of May, 2015.

*/s/ Matthew T. Berry*
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 400
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com